UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN ANTONIO SOLOMON,

        Plaintiff,        Civil Action No.: 20-cv-11335
                                  Honorable Mark A. Goldsmith
v.                                Magistrate Judge Elizabeth A. Stafford

MARIE SHOULDERS, *et al.*,

        Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY MOTION FOR
TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION [ECF NO. 2]**

Martin Antonio Solomon, a prisoner confined within the Michigan Department of Corrections (MDOC), brought this *pro se* action under 42 U.S.C. § 1983, alleging defendants violated his rights under the Eighth Amendment by denying him medical treatment. [ECF No. 1]. He alleges that he has had broken pieces of catheter in his bladder since he was catheterized in Wayne County Jail in January 2017. [ECF No. 1, PageID.8-17]. Solomon also asserts that the attempted removal of these broken pieces has been incomplete, threatening him with infection, permanent bladder damage and death. [*Id.*]

Solomon's complaint initially named 39 defendants, including the MDOC and several individual MDOC officials. [ECF No. 1]. But the

Honorable Mark A Judge Goldsmith summarily dismissed some defendants, including those from the MDOC, because Solomon failed to state plausible claims against them. [ECF No. 7; ECF No. 15]. Judge Goldsmith then referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b). [ECF No. 19].

Now before the Court is Solomon's motion for temporary restraining order and preliminary injunction, in which he seeks to have MDOC defendants Carol Griffes and Dr. Coleman "arrange for an emergent examination at a hospital and a plan of treatment by [a] qualified specialist" for the removal of broken catheter pieces from his bladder. [ECF No. 2; PageID.63]. In other words, Solomon seeks injunctive relief against individuals who are no longer defendants in this action. The Court has no jurisdiction over individuals who are not parties, so injunctive relief against them is not available. *Hursey v. Anderson*, 2018 WL 6331129, at *1 (W.D. Mich. Oct. 9, 2018), *adopted in pertinent part*, 2018 WL 6329598 (W.D. Mich. Dec. 4, 2018) (citing *Zenith Radio Corp. v. Hazeltine Research Inc.*, 395 U.S. 100 (1969)).

The Court therefore **RECOMMENDS** that Solomon's motion for temporary restraining order and preliminary injunction **[ECF No. 2]** be **DENIED**.

Dated: September 30, 2020  
Detroit, Michigan

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page

3

limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 30, 2020.

                                            s/Marlena Williams
                                            MARLENA WILLIAMS
                                            Case Manager