UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN ANTONIO SOLOMON,

                    Plaintiff,        Civil Action No.: 20-cv-11335
                                           Honorable Mark A. Goldsmith
v.                                 Magistrate Judge Elizabeth A. Stafford

MARIE SHOULDERS, *et al.*,

                    Defendants.

_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS
KRISTINA KAUFMANN AND TOLULOPE SONUYI'S
MOTION TO DISMISS (ECF NO. 27) AND TO DISMISS *SUA SPONTE*
THE CLAIMS AGAINST KELSEY VARGAS,
<u>MATEUSZ CIEJKA, AND XUE TIAN</u>**

## I.    Introduction

Martin Antonio Solomon, a prisoner confined within the Michigan
Department of Corrections (MDOC), brought this *pro se* action under 42
U.S.C. § 1983, alleging that defendants violated his rights under the Eighth
and Fourteenth Amendments by denying him medical treatment.  ECF No.
1.  He alleges that he has had broken pieces of catheter in his bladder
since he was catheterized in Wayne County Jail in January 2017.  *Id.*,
PageID.8-17.  Solomon asserts that, because of the broken catheter pieces
in his bladder, he faces a strong likelihood of suffering from infection,
permanent bladder damage, and death.  *Id.*

Solomon's complaint initially named 39 defendants, but the Honorable Mark A. Goldsmith summarily dismissed some defendants. ECF No. 7; ECF No. 19.  Judge Goldsmith then referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b).  ECF No. 19.

Two of the remaining defendants, Kristiana Kaufmann, M.D., and Tolulope Sonuyi, M.D., are employed by Detroit Receiving Hospital, which is part of the Detroit Medical Center.  Solomon does not allege that these doctors had anything to do with the catheter breaking, but he faults them for refusing to remove the broken catheter pieces when they later treated him.  ECF No. 1, PageID.11-13, 35.  Sonuyi treated Solomon on April 1, 2017, when he was taken to Receiving Hospital because of headaches. *Id*., PageID.11.  Kaufmann saw Solomon in June 2017, when Solomon was at Receiving Hospital due to bilateral flank pain and nausea.  *Id*., PageID.12-13, 35.

Kaufmann and Sonuyi move to dismiss.  ECF No. 27.  They argue that they were not acting under the color of state law or deliberately indifferent to Solomon's serious medical needs when they treated him, and that the claims against Sonuyi are barred by the statute of limitations.  *Id*. The motion to dismiss should be granted, and the claims against the other defendants who are employed by Receiving Hospital should be dismissed

2

*sua sponte*.

## II.    Analysis

### A.

A motion to dismiss under 12(b)(6) tests a complaint's legal sufficiency.  *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations.  *Id*.

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief.  *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007); *Davis v. Prison Health Services*, 679 F.3d 433, 437-38 (6th Cir. 2012).

3

The Court recommends that the Kaufmann and Sonuyi's motion to dismiss be granted because Solomon filed suit after the expiration of the statute of limitations for his claim against Sonuyi, and because neither doctor was acting under color of state law when they treated Solomon.

**B.**

Sonuyi argues that the claim against her is barred by the statute of limitations.  ECF No. 27, PageID.251-253.  The Court agrees.  In § 1983 cases, federal courts apply their state's statute of limitations for personal injury cases.  *Wilson v. Garcia*, 471 U.S. 261, 272 (1985).  In Michigan, the applicable statute of limitations is three years.  *Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 430 (6th Cir. 2016).  Federal law governs the accrual date for the statute of limitations.  *Wallace v. Kato*, 549 U.S. 384, 387-88 (2007).  For claims under § 1983, "the statute of limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of . . . [the] injury has occurred."  *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007).

Solomon's claim against Sonuyi arose on April 1, 2017; that is when Sonuyi allegedly told him that he would be discharged from Receiving Hospital without the broken catheter pieces being removed.  ECF No. 1, PageID.11.  Solomon filed his complaint on April 22, 2020, after the three-

year period elapsed.  *Id.*  Solomon says in his responsive brief that a

"continuing wrongful action" extended the statute of limitations.  ECF No.

38, PageID.328.  He is wrong.

"A 'continuous violation' occurs, and will extend the limitations period,

if the defendant engages in continuing wrongful conduct; injury to the

plaintiff accrues continuously; and had the defendant at any time ceased its

wrongful conduct, further injury would have been avoided."  *Goldsmith v.*

*Sharrett*, 614 F. App'x 824, 827 (6th Cir. 2015).  The continuing wrong

doctrine rarely extends periods of limitation in § 1983 cases.  *Id.* at 828.

This is not a rare case in which the doctrine applies.

Solomon does not claim that Sonuyi engaged in continuing wrongful

conduct.  The only interaction with Sonuyi he claims was on April 1, 2017.

The "discrete act" Solomon alleges Sonuyi committed is "easy to identify."

*Goldsmith*, 614 F. App'x at 828 (citing *National Railroad Passenger*

*Corporation v. Morgan*, 536 U.S. 101, 114 (2002)).  In contrast, the

continuing violation doctrine applies when a "harm 'cannot be said to occur

on any particular day' and individual incidents are not actionable on their

own."  *Id*. at 829 (quoting *Morgan*, 536 U.S. at 115)).  Solomon's complaint

alleges "a host of significant discrete events" involving many defendants, so

the continuing violation doctrine does not extend the statute of limitations

5

for his claim against Sonuyi.  *Id*.

## C.

A § 1983 claim requires the plaintiff to allege that (1) "some person has deprived him of a federal right" and (2) "the person who has deprived him of that right acted under the color of state or territorial law."  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  This is the pleading standard.  "By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute."  *Id.*  Kaufmann and Sonuyi argue that the claims against them should be dismissed because Solomon did not allege that they acted under the color of state law.  ECF No. 27, PageID.253-258.  The Court agrees that Solomon made no plausible allegations that Kaufmann and Sonuyi acted under the color of state law.

A physician who is employed by a state or municipal authority acts under the color of state law when providing medical services to inmates. *West v. Atkins*, 487 U.S. 42, 54 (1988); *Carl v. Muskegon Cty*., 763 F.3d 592, 596-97 (6th Cir. 2014).  Prison authorities have an Eighth Amendment obligation to provide inmates with adequate medical care, and physicians hired to carry out that constitutional obligation are "clothed with the authority of state law."  *West*, 487 U.S. at 54-55 (citation and internal quotation marks omitted).  "Whether a physician is on the state payroll or is

paid by contract, the dispositive issue concerns the relationship among the State, the physician, and the prisoner."  *Id*. at 56.

A private doctor who just happens to treat a prisoner but has no employment or contractual relationship with the state is not a state actor. *Scott v. Ambani*, 577 F.3d 642, 649 (6th Cir. 2009).  In *Scott*, the court held that a private doctor could not be sued under § 1983.  *Id*. at 649.

> She had no contractual relationship with MDOC or Correctional Medical Services.  Her care and treatment of all patients, including any prisoners which may have required treatment at Foote Hospital, were determined by her own training, experience, and independent medical judgment.  Neither MDOC nor Correctional Medical Services had any influence, direction, or control over the care and treatment of any patient.

*Id*.  The doctor was not "'clothed with the authority of state law,'" but instead "just happened to be the physician" who treated the plaintiff because of her privileges at the hospital.  *Id*. (quoting West, 487 U.S. at 49).  *See also Thomas v. Nationwide Children's Hosp*., 882 F.3d 608, 612 (6th Cir. 2018) (holding that parents of children treated at private hospital could not sue hospital and its doctors under § 1983 because the defendants were "not organs of the state").

Solomon does not allege that Kaufmann and Sonuyi treated him because they had an employment or contractual relationship with Wayne County or the state.  Instead, Solomon says that Kaufmann and Sonuyi are

employed by Receiving Hospital.  ECF No. 1, PageID.5.  In *Getter v. Doe*, the court held that the plaintiff stated no plausible § 1983 claim against doctors who worked at Receiving Hospital.  No. 11-12021, 2012 WL 834556, at *1, *6 (E.D. Mich. Mar. 13, 2012) (Cohn, J.).  "This is so because there are no allegations that they were under contract with the State of Michigan to provide medical care to detainees."  *Id*.

Solomon asserts that Kaufmann and Sonuyi stepped in the shoes of the state by assuming the welfare of prisoners under the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. § 1395dd.  ECF No. 38, PageID.329.  But Judge Goldsmith "emphatically" rejected an argument that the EMTALA creates state-actor status.  *Price v. Doe*, No. 19-10348, 2019 WL 5538113, at *2 (E.D. Mich. Oct. 25, 2019) ("EMTALA, like licensure, is a form of regulation, and state regulation of a private entity is insufficient to support a finding of state action.").

The allegations of Solomon's complaint suggest that Kaufmann and Sonuyi "just happened" to be the physicians who treated him because of their privileges at Receiving Hospital.  *Scott*, 577 F.3d at 649.  As such, these defendants did not act under state law and the § 1983 claims against them should be dismissed.

8

## D.

The Court must *sua sponte* dismiss a claim filed by a pro se prisoner if the claim (1) is frivolous; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from that relief.  28 U.S.C. § 1915A; *In re Prison Litig. Reform Act*, 105 F.3d at 1134 (6th Cir. 1997).  *Sua sponte* dismissal is especially warranted when "the claims against non-appearing defendants are the same as those against appearing-defendants."  *Coleman v. Snyder*, No. 17-11730, 2018 WL 4103364, at *2 (E.D. Mich. Aug. 29, 2018).

Solomon alleged that Doctors Kelsey Vargas, Mateusz Ciejka, and Xue Tian are employed by Receiving Hospitals and that each of them once treated him there.  ECF No. 1, PageID.5, 11-12.  He does not allege that Vargas, Ciejka, and Tian had any employment or contractual relationship with Wayne County or the jail.  In that way, Solomon's claims against Vargas, Ciejka, and Tian are indistinguishable from those against Kaufmann and Sonuyi.

Vargas, Ciejka, and Tian have not yet appeared in this case.  But because Solomon's complaint does not allege that they acted under the color of state law, the claims against them should be dismissed *sua sponte*. *Gomez*, 446 U.S. at 640; *Coleman*, 2018 WL 4103364 at *2.

9

## III.  Conclusion

The Court **RECOMMENDS** that Kaufmann and Sonuyi's motion to dismiss, **ECF No. 27**, be **GRANTED**, and that the claims against Vargas, Ciejka, and Tian be dismissed *sua sponte*.

Dated: July 21, 2021          s/Elizabeth A. Stafford
Detroit, Michigan           ELIZABETH A. STAFFORD
                             United States Magistrate Judge

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.*  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the

10

objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 21, 2021.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager