UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARTIN ANTONIO SOLOMON,<br><br>Plaintiff,<br><br>v.<br><br>MARIE SHOULDERS, *et al.*,<br><br>Defendants. | Case No. 20-cv-11335<br>Honorable Mark A. Goldsmith<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO DISMISS ACTION**

**I.    Introduction**

Plaintiff Martin Antonio Solomon, pro se, sued under 42 U.S.C. § 1983, alleging that defendants violated his Eighth and Fourteenth Amendment rights. ECF No. 1. The Honorable Mark A. Goldsmith referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 19. Some defendants have already been dismissed. ECF No. 42. The U.S. Marshals Service has served the remaining defendants through the U.S. Postal Service by certified mail. ECF No. 43, PageID.350-351.

Although Defendant Allesia Gillespie was properly served, ECF No. 29, there is no indication in the record that the other defendants (the

Wellpath defendants) were served. The Court ordered Solomon to file the green card delivery receipts or otherwise show proof of service on the Wellpath defendants (Marie Shoulders, Dr. A. Patalis, Dr. Kurstein, Nurse Practitioner Stolks, LPN Bell, Registered Nurse Johnson, Channel Hampton, Stacey Coleman, Venus Graham, and Erika Johnson), or to show cause why the Court should not dismiss those defendants because of Solomon's failure to prosecute them. ECF No. 43. Solomon responded that he had received the certified mail receipts from the U.S. Marshals showing that defendants were served. ECF No. 44. But Solomon has disregarded the instructions in the order to either file the certified mail receipts or show cause why the claims against the defendants should not be dismissed. *Id*.

The Court thus recommends that the complaint be dismissed with prejudice as to the Wellpath defendants for failure to prosecute. The Court also recommends that Gillespie be dismissed because Solomon fails to state a claim against her.

## II.  Analysis

### A.

If a plaintiff fails to prosecute an action, it can be dismissed either under the Court's inherent power to control its docket or involuntarily under

Federal Rule of Civil Procedure 41(b). *Link v. Wabash R. Co.*, 370 U.S. 626, 629-32 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). The authority to dismiss a plaintiff's case for failure to prosecute is available to the district court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)). And this Court's local rules provide that when "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or an application of a party, enter an order dismissing . . . the case unless good cause is shown." E.D. Mich. LR 41.2. Dismissal for want of prosecution is ordinarily with prejudice. Rule 41(b); *Link*, 370 U.S. at 629.

The Sixth Circuit has set forth four factors to be used as guidance when deciding whether a case should be dismissed for failure to prosecute under Rule 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions

3

were imposed or considered before dismissal was ordered." *Knoll*, 176 F.3d at 363. Although Solomon has proceeded pro se, and is thus held to less stringent standards, the leniency granted is not boundless. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). "[P]ro se litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines." *Bunting v. Hansen*, No. 05-10116-BC, 2007 WL 1582236, at *2 (E.D. Mich. May 31, 2007) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).

Analysis of the *Knoll* factors supports dismissal. For the first factor, Solomon is at fault because he failed to either file proof of service or explain to the Court his inability to do so even after the Court warned him that he must show cause why the defendants listed above should not be dismissed. Solomon responded to the order, which shows that he received it. Thus, he is at fault for failing to properly prosecute his case.

As to the second factor, there is little prejudice to the Wellpath defendants, as they have not appeared in the litigation. But the third and fourth factors weigh heavily in favor of dismissal, as Solomon was given a clear warning that he must show cause why the Wellpath defendants should not be dismissed if he did not comply with the Court's orders. Because Solomon has failed to prosecute his case by showing that the

4

Wellpath defendants were served, the Court concludes that no alternative sanction would effectively protect the integrity of the pretrial process.

**B.**

The claims against Gillespie must also be dismissed. While Gillespie has not answered the complaint, the Court cannot order her to do so unless it finds that Solomon "has a reasonable opportunity to prevail on the merits." 42 U.S.C. 1997e(g)(2); *see also Boling v. Corr. Med. Serv.*, No. CIV 07-11752, 2007 WL 2515222, at *1 (E.D. Mich. Aug. 31, 2007). The Court concludes that no answer is required because the claims against Gillespie should be dismissed under 28 U.S.C. § 1915(e)(2)(B), which directs courts to dismiss actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted[.]"

To survive scrutiny under § 1915(e)(2), "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. In

5

deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Id*.

In his complaint, Solomon asserts Eighth Amendment deliberate indifference and Fourteenth Amendment equal protection claims against Gillespie. ECF No. 1, PageID.23-24, 26-29. The complaint generally alleges that Solomon has had broken pieces of catheter in his bladder since he was catheterized in Wayne County Jail in January 2017. *Id.* at PageID.8-17. He alleges that he complained to Gillespie and others who "turned a blind eye" to his pain and suffering and refused to help him insert his catheter. *Id.* at PageID.10-11, 23.

The allegations against Gillespie are too sparse to state a constitutional claim under § 1983. "[A] § 1983 plaintiff generally must prove both that a defendant was *personally* at fault and that the defendant's culpable conduct (not somebody else's) *caused* the injury." *Pineda v. Hamilton Cnty., Ohio*, 977 F.3d 483, 490 (6th Cir. 2020). Solomon does not allege that Gillespie caused the broken piece of catheter to be left in his bladder or failed to schedule necessary appointments. Nor does Solomon describe Gillespie as a nurse or other medical professional. ECF No. 1, PageID.4. He does not allege that Gillespie "has any medical expertise

whatsoever, let alone the training necessary to" provide the care she allegedly withheld. See *Johnson v. Washington*, No. 20-11280, 2021 WL 1582421, at *7 (E.D. Mich. Mar. 25, 2021). Thus, Solomon has not stated a plausible § 1983 claim against Gillespie.

### III. Conclusion

The Court **RECOMMENDS** that this action be **DISMISSED WITH PREJUDICE**.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: May 4, 2022

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of*

*HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 4, 2022.

s/Marlena Williams  
MARLENA WILLIAMS  
Case Manager
