UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN ANTONIO SOLOMON,

    Plaintiff,                                              Case No. 20-11335

vs.                                                       HON. MARK A. GOLDSMITH

MARIE SHOULDERS, et al.,

    Defendants.
_____/

**OPINION & ORDER**
**(1) ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Dkt. 45) AND (2) DISMISSING THE ACTION WITH PREJUDICE**

This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge Elizabeth Stafford, issued on May 4, 2022 (Dkt. 45). In the R&R, the magistrate judge recommends that the Court dismiss with prejudice Plaintiff Martin Antonio Solomon's claims against the Wellpath Defendants[1] for failure to prosecute. The magistrate judge also recommends that the Court dismiss with prejudice Solomon's claims against Defendant Allesia Gillespie for failure to state a claim against her.

The parties have not filed objections to the R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those

---

[1] The Wellpath Defendants include—as named by Solomon—Marie Shoulders, Dr. A. Patalis, Dr. Kurstein, Nurse Practitioner Stolks, LPN Bell, Registered Nurse Johnson, Channel Hampton, Stacey Coleman, Venus Graham, and Erika Johnson.

findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373–1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendation.

Accordingly, the Court accepts the recommendation contained in the magistrate judge's R&R and dismisses with prejudice Solomon's claims against the Wellpath Defendants and Gillespie.

SO ORDERED.

Dated: June 3, 2022  
      Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge